UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James Carl Whaley, #1001117, | ) | C/A No. 4:23-4473-HMH-TER |
| a/k/a James C. Whaley, #357132, | ) | |
|                         Petitioner, | ) | |
| vs. | ) | |
| | ) | |
| Secretary of the U.S. Dept of the Treasury, | ) | ORDER |
|                         Respondent. | ) | |
| _____ | ) | |

      This is an action for writ of mandamus under 28 U.S.C. § 1361. Petitioner is a state detainee. Therefore, in the event that a limitations issue arises, Petitioner shall have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to District Court). Under Local Rule 73.02(B)(2), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

**PAYMENT OF THE FILING FEE:**

      Petitioner has submitted a filing which can be construed as a Motion for leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915. A review of the motion reveals that Petitioner should be relieved of the obligation to prepay the full filing fee. Petitioner's motion for leave to proceed *in forma pauperis* is **granted**, subject to the court's right to require a payment if Petitioner's financial condition changes, and to tax fees and costs against Petitioner at the conclusion of this case if the court finds the case to be without merit. *See Flint v. Haynes*, 651 F.2d 970, 972-74 (4th Cir. 1981). (ECF No. 2). By filing this case, Petitioner has incurred a debt to the United States of America in the amount of $350.[*] *See* 28 U.S.C. § 1914. This debt is not dischargeable in the event Petitioner seeks relief under the bankruptcy provisions of the United States Code. *See* 11 U.S.C. § 523(a)(17). The Prison Litigation Reform Act (PLRA) of 1996 permits a prisoner to file a civil action without prepayment of fees or security, but requires the prisoner "to pay the full amount of the filing fee" as funds are available. *See* 28 U.S.C. § 1915(a) and (b). As the court has granted Petitioner permission to proceed *in forma pauperis*, **the agency having custody of Petitioner shall collect payments from Petitioner's prisoner trust account in accordance with 28 U.S.C. § 1915(b)(1) and (2), until the full $350[**] filing fee is paid.**

---

      [*] Effective May 1, 2013, an administrative fee of $50 was added to the filing fee of $350. In December 2020, the fee was raised to $52. The $52 administrative fee, however, is not applicable to *in forma pauperis* cases.

      [**]Mandamus actions sound in civil rights actions; thus the applicable filing fee is for a civil rights action. *Pinion v. FCI Edgefield*, No. 8:20-CV-01352-JFA-JDA, 2020 WL 2308362, at *1 (D.S.C. Apr. 15, 2020), *report and recommendation adopted*, 2020 WL 2308312 (D.S.C. May 8, 2020)(collecting cases). Further, mandamus actions under 28 U.S.C. § 1361 are not categorized by the Administrative Office of Courts as habeas actions.

**TO THE CLERK OF COURT**:

This case is subject to summary dismissal based on an initial screening conducted pursuant to 28 U.S.C. §1915. Therefore, the Clerk of Court shall ***not*** issue any summonses nor shall the Clerk of Court forward this matter to the United States Marshal for service of process at this time.

The Clerk of Court shall not enter any change of address submitted by Petitioner which directs that mail be sent to a person other than Petitioner unless that person is an attorney admitted to practice before this court who has entered a formal appearance.

**TO Petitioner**:

Petitioner must place the civil action number listed above on any document provided to the court pursuant to this Order. **Any future filings in this case must be sent to ((Post Office Box 2317, Florence, South Carolina 29503) the address below.** All documents requiring Petitioner's signature shall be signed with Petitioner's full legal name written in Petitioner's own handwriting. Pro se litigants shall *not* use the "s/typed name" format used in the Electronic Case Filing System. In all future filings with this court, Petitioner is directed to use letter-sized (8½ inches by 11 inches) paper only, to write or type text on one side of a sheet of paper only and not to write or type on both sides of any sheet of paper. Petitioner is further instructed not to write to the edge of the paper, but to maintain one inch margins on the top, bottom, and sides of each paper submitted.

Petitioner is a pro se litigant. Petitioner's attention is directed to the following important notice:

> You are ordered to always keep the Clerk of Court advised **in writing (Post Office Box 2317, Florence, South Carolina 29503**) if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this Order, you fail to meet a deadline set by this court, **your case may be dismissed for violating this Order.** Therefore, if you have a change of address before this case is ended, you must comply with this Order by immediately advising the Clerk of Court in writing of such change of address and providing the court with the docket number of all pending cases you have filed with this court. Your failure to do so will not be excused by the court.

**IT IS SO ORDERED**.

|  |  |
|---|---|
|  | s/Thomas E. Rogers, III |
| September 20, 2023 | Thomas E. Rogers, III |
| Florence, South Carolina | United States Magistrate Judge |