IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| James Carl Whaley, #1001117, <br> a/k/a James C. Whaley, #357132, <br><br> Petitioner, <br><br> vs. <br><br> Secretary of the U.S. Dept of the Treasury, <br><br> Respondent. | C.A. No. 4:23-04473-HMH <br><br><br> **OPINION & ORDER** |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III made in accordance with 28 U.S.C. § 636(b)(1) and District of South Carolina Local Civil Rule 73.02. Petitioner James Carl Whaley, a civil pretrial detainee in state custody, filed this pro se petition for mandamus seeking to recover COVID-19 stimulus payments, known as economic impact payments ("EIPs"), pursuant to the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020), and the Consolidated Appropriations Act, 2021 ("CAA"), Pub. L. No. 116-260, 134 Stat. 1182 (2020).

In his Report and Recommendation filed on September 20, 2023, Magistrate Judge Rogers recommends dismissing the petition because Petitioner has not shown a clear and indisputable right to relief and there is no clear duty on the part of Respondent to act. (R&R, generally, ECF No. 7.) Specifically, the Report notes that "Respondent has no duty to and cannot provide Petitioner with relief that he seeks, the EIP check, at this time, because if Petitioner is eligible to receive a tax credit under the CARES Act he can now only obtain it by filing or amending a 2020 tax return." (Id. at 4, ECF No. 7.) Petitioner filed timely objections to the

1

Report and Recommendation. (Obj., generally, ECF No. 9.) A report and recommendation carries no "presumptive weight," and the responsibility for making a final determination remains with the court. Mathews v. Weber, 423 U.S. 261, 271 (1976). The court reviews de novo "those portions of the report . . . to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" or "recommit the matter . . . with instructions." 28 U.S.C. § 636(b)(1). "To trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Elijah v. Dunbar, 66 F.4th 454, 460 (4th Cir. 2023) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)). In the absence of specific objections, the court reviews only for clear error, Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005), and need not give any explanation for adopting the report, Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

Mandamus is a drastic remedy to be used only in extraordinary circumstances. In re Beard, 811 F.2d 818, 826 (4th Cir. 1987) (citing Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976)).

> [T]he party seeking the writ must demonstrate that (1) he has a clear and indisputable right to the relief sought; (2) the responding party has a clear duty to do the specific act requested; (3) the act requested is an official act or duty; (4) there are no other adequate means to attain the relief he desires; and (5) the issuance of the writ will effect right and justice in the circumstances.

U.S. ex rel. Rahman v. Oncology Assocs., P.C., 198 F.3d 502, 511 (4th Cir. 1999).

In his objections, Petitioner objects to the magistrate judge's reference that incarcerated persons are not eligible for economic income payments under the CARES Act. (Objs. 1, ECF No. 9.) The Report cites Scholl v. Mnuchin, 489 F. Supp. 3d 1008, 1022 (N.D. Cal. 2020)

(Scholl I), for the proposition that the Internal Revenue Service ("IRS") has indicated that incarcerated persons do not qualify for economic income payments. (R&R 4, ECF No. 7.) In Scholl I, a nationwide class of incarcerated individuals brought an action in the Northern District of California challenging the IRS's decision to exclude incarcerated individuals from receiving EIPs based solely on their incarcerated status. 489 F. Supp. 3d at 1023. After issuing a preliminary injunction, the court held that the decision to prevent EIPs from being disbursed to incarcerated individuals violated the Administrative Procedures Act and permanently enjoined the Treasury Department and the IRS "from withholding benefits pursuant to [the CARES Act] from plaintiffs or any class member on the sole basis of their incarcerated status." Scholl v. Mnuchin, 494 F. Supp. 3d 661, 690, 693 (N.D. Cal. 2020) (Scholl II).

Although Petitioner is correct the district court's decision in Scholl II indicates that incarcerated individuals may be eligible to receive economic income payments under the CARES Act, "it is clear from the face of his petition that [Respondent] has no duty to provide him the specific relief he seeks." Patterson v. IRS/Treasury Dep't, No. 3:21 CV 1437, 2021 WL 5396060, at *2 (N.D. Ohio Nov. 18, 2021) (unpublished). Scholl II ultimately did not order the IRS to provide incarcerated inmates stimulus payments. Rather, the court made clear that it took "no position on whether plaintiffs or class members are in fact owed advance refund payments or the amount of those payments" and that it was "incumbent on the IRS, as the agency charged by Congress, to make individual determinations whether an individual is an 'eligible individual' and meets the various criteria delineated in the Act." Scholl II, 494 F. Supp. 3d at 691.

Further, neither the CARES Act nor the CAA provide for a private right of action. Ballard v. US Treasury Dep't, No. 5:21-CV-479-BO, 2022 WL 785041, at *1 (E.D.N.C. Mar. 14, 2022) (unpublished) ("[T]he CARES Act does not provide for a private right of action."); Byers

v. Rettig, No. 1:22-CV-00126-MR, 2022 WL 3205184, at *4 (W.D.N.C. Aug. 8, 2022) (unpublished) ("To the extent that the Plaintiff asks the Court to compel the IRS to provide his EIPs, he is not entitled to assert a private cause of action for disbursement of these funds"); Am. Video Duplicating, Inc. v. City Nat'l Bank, No. 2:20-cv-04036-JFW-JPR, 2020 WL 6882735, at *5 (C.D. Cal. Nov. 20, 2020) ("Unsurprisingly, every court to address whether the CARES Act created an implied private right of action has held that it does not."). In addition, the express terms of the CARES Act and the CAA prohibit the distribution of funds after December 31, 2020, and January 15, 2021, respectively. 26 U.S.C. §§ 6428(f)(3), 6428A(f)(A)(ii); Byers, 2022 WL 3205184, at *4 ("As these deadlines have now passed, and no more funds may be issued, the Plaintiff cannot obtain the relief that he requests."). Based on the foregoing, Petitioner cannot satisfy the first two elements for obtaining a writ of mandamus.

Petitioner also objects to the assessment of a $350 filing fee in this case. (Objs. 2, ECF No. 9.); (Sept. 20, 2023 Order, ECF No. 5.) However, "[s]imilar to civil rights complaints, mandamus petitions are subject to the filing fee provisions of the Prison Litigation Reform Act ('PLRA'), 28 U.S.C. §§ 1915(b) and (g)." Johnson v. U.S. Postal Serv., No. 2:17-cv-00022, 2017 WL 3425786, at *1 (S.D.W. Va. July 5, 2017), report and recommendation adopted by 2017 WL 3392750 (S.D.W. Va. Aug. 7, 2017) (unpublished); Pinion v. FCI Edgefield, No. 8:20-CV-01352-JFA-JDA, 2020 WL 2308362, at *1 n.1 (D.S.C. Apr. 15, 2020), report and recommendation adopted by 2020 WL 2308312 (D.S.C. May 8, 2020) (unpublished). Thus, this objection is without merit.

Based on the foregoing, the court adopts the Report and Recommendation to the extent it is consistent with this opinion.

It is therefore

**ORDERED** that the petition for writ of mandamus, docket number 1, is denied without issuance and service of process.

**IT IS SO ORDERED.**

                                                        s/Henry M. Herlong, Jr.
                                                        Senior United States District Judge

Greenville, South Carolina
October 10, 2023

**NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.